JOHN N. GRAVILLE, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where the plaintiff succeeds on trial in an action not founded on contract, the amount of the judgment as rendered, exclusive of costs is to be

considered "the amount in controversy" in determining as to whether the judgment is reviewable here.

The fact that the complaint asks judgment for less than $500, or that in fixing damages, interest is included as an item thereof, is not material.

(Argued February 1, 1887; decided February 8, 1887.)

THIS was a motion to dismiss the appeal herein.

The following is the *mem.* of opinion:

" The plaintiff sued for injuries to personal property caused by the defendant's negligence, and after issue joined, was, upon trial before a referee, awarded $400, with $156 interest, making a total of $556, and for this sum judgment was ordered in his favor. The record shows that judgment was so entered: ' Damages $556, and $357.44 costs and disbursements.' Upon appeal to the General Term it was affirmed, and from the judgment of affirmance the defendant appealed to this court. The plaintiff moves to dismiss the appeal upon the ground as stated in the notice of motion, ' that the amount in controversy in this action is less than $500.' This contention is put upon the complaint, which alleges damages only to the amount of $400, and demands judgment accordingly. But neither this limitation, nor the method by which the referee ascertained and then made up the aggregate of damages is material. The matter in controversy in this court, upon the defendant's appeal, is the amount of the judgment as rendered, and from which the appeal is taken (*Brown* v. *Sigourney*, 72 N. Y. 122), and if that, excluding costs, is not less than $500, we have jurisdiction to review it. A different rule restricts the plaintiff. Upon an appeal by him from a judgment in such an action, the sum for which the complaint demands judgment becomes material. (Code, § 191, subd. 3.) But the provision of the Code which makes it so has no application here.

" The motion should be denied, with $10 costs."

*M. B. Barnett* for motion.

*C. D. Prescott,* opposed

DANFORTH, J., reads *mem.* for denial of motion to dismiss appeal.

All concur.
Motion denied.